## JOHN O'NEIL *v.* M. D. F. BLODGETT.

*Trespass.   Adverse Possession.   Way occupied by the Public.*
*Presumption.*

1. Merely using a way, *open to,* and *occupied by, the public,* for the purpose of getting water for cattle, and the family, has no tendency to prove that the use is *adverse;* but permissive.

2. Such occupancy or use, with the *public,* raises the *presumption* that it is *not adverse;* which the defendant must meet and *overcome by evidence.*

3. The use must not only be open, notorious, and continuous ; *but under a claim of right, brought to the attention of the plaintiff.*

4. *Plimpton* v. *Converse,* 44 Vt. 158, and 42 Vt. 712, followed and approved.

THIS case was tried at the September Term, 1878, Essex County, DUNTON, J., presiding.

Action, trespass for assault and battery ; plea, the general issue and notice.

The defendant claimed a prescriptive right to go to a brook near a bridge crossing the same, by the side of the road, on the plaintiff's premises, for water, and that while he was on his way there and in the public highway the plaintiff assaulted him ; and that what was done by him to the plaintiff was in the necessary defence of his person, etc.   The plaintiff claimed that while he was putting up his fence, across the route of the defendant to the brook, that the defendant committed the first assault upon him, and threw him down and severely injured him.   The defendant offered evidence tending to show that his father, through whom he derived title to his farm, which adjoins the premises of the plaintiff and himself, had been in the adverse use of this right of going to the brook upon the plaintiff's premises for water for the use of the farm for more than fifteen years.   Among other things, the defendant also offered evidence tending to show that both his father and himself, during the period they were going to this brook for water, claimed this privilege as a matter of right ; to which the plaintiff objected, for the reason that it did not appear that he, the plaintiff, was present when such claim was made ; but

the court overruled the objection and admitted the evidence, to which the plaintff excepted. The defendant's evidence also tended to show that the place upon the brook, where this right of getting water was exercised, was below and near a bridge crossing the same upon the highway; and that said place was not fenced in, so that travelers upon the highway were in the habit of driving into the brook at this same place to water their horses, and across the same *ad libitum.* The plaintiff's evidence tended to prove, that for a large portion of the time there was a fence by the side of the road running to the bridge; and that one of the banks of the brook was steep so that teams could not be driven across the same.

The plaintiff requested the court to instruct the jury, that the defendant could gain no adverse right to take water from the brook by sufferance alone; but that the right must have been exercised under a claim of right, which claim must have been brought to the attention of the plaintiff; also, that if that portion of the brook where the defendant got water was thrown open to the whole public, and the defendant used it in common with the rest of the public, the defendant could not thereby gain any adverse rights against the plaintiff.

The evidence of the defendant tended to show that both his father and himself had been in the habit of watering domestic animals kept upon the farm at this place in the brook, and of drawing water from there in barrels, and carrying it in pails for family use at the house upon the farm.

Upon the subject of the requests the court charged the jury as follows:

"An uninterrupted, adverse use of the alleged right of going upon the plaintiff's premises to this brook for water for the use of this farm by the defendant, or his father, or by both, under a claim of right for fifteen years, would give the defendant as full and absolute right to the enjoyment of this privilege as though the same had been acquired by grant. The defendant claims that at the time of the alleged assault he had acquired this right by such use; but the burden of proof is upon him to show it. Therefore, if you find, by a fair preponderance of evidence, that the defendant's father or himself, the defendant, or his father and himself,

both together, since the twenty-fourth day of May, 1844, (the date of the deed from defendant's father to the grantor of the plaintiff,) had at the date of the alleged assault and battery, openly and notoriously, exercised this right or privilege of going upon the plaintiff's premises, to this brook for water at this point below the bridge for the use of this farm, as claimed by the defendant, adversely to the title of the plaintiff, under a claim of right, uninterruptedly, or continuously, for fifteen years, then the defendant, as before stated, had as full and absolute right to the enjoyment of this privilege as though the same had been acquired by him by grant or deed. Ordinarily, in the absence of any testimony tending to show that such use is permission, or that claim of right or ownership is disclaimed, such use would be presumed to be adverse, or under a claim of right, if open, notorious and uninterrupted. But in this case the evidence of the plaintiff tends to show that that portion of the plaintiff's premises where the privilege or right in question was exercised, was thrown open to the public, and that travellers with teams upon the highway were in the habit of watering their horses there, and driving through the brook at the same place. If you find that the brook at this place was so thrown open to the public, in order to find that the defendant had acquired the right to go to this brook for water by adverse use, or prescriptive, you must find not only that such use was open, notorious and uninterrupted for fifteen years, but, also, that it was of such character, under the circumstances, as fairly to give the plaintiff to understand that it was adverse to his title, or under a claim of right or ownership.

The court explained what was meant by the term " continuously or uninterruptedly," as used above, but did not otherwise comply with the foregoing requests. To the refusal to charge as requested, and to the charge, as given upon the subject of the requests, the plaintiff excepted.

The court also instructed the jury that if the plaintiff committed the first assault upon the defendant in the highway, as claimed by him and as his evidence tended to prove, then he, the defendant, had the right to repel the assault of the plaintiff, and use as much force as was necessary for the defence of his person and no more ; and if he used more force than was necessary for this purpose he was liable for the excess. The charge upon this point was not excepted to by either party.

The court, also, instructed the jury upon the plaintiff's theory

or view of the case, that he was first assaulted by the defendant at the fence while putting up the same, satisfactorily to both parties ; and upon this point the jury were told that it was, in one view, important to determine whether the defendant had acquired by adverse use the right to go to the brook for water.

Verdict not guilty, and a special finding by the jury that the plaintiff committed the first assault upon the defendant in the highway as claimed by the latter ; and also, that the defendant had acquired by adverse use the right to go to the brook for water.

Exceptions allowed, execution stayed and cause passed to the Supreme Court.

*Geo. N. Dale*, for the plaintiff.

The charge to the jury was *too general.* The jury should have been told what the effect of a common use of the. brook by the public and the defendant was. A general statement of legal principles, without applying them specifically to the case, would not aid the jury. The nature of both uses, by the public and the defendant, should have been clearly pointed out. The evidence of both uses went to the jury together, to establish the plaintiff's claim. The jury would infer from the charge, that they were to take both uses into account, to establish the uninterruptedness of the defendant's occupancy ; which would be error. The defendant's right should have been put *solely* upon evidence of *his own using*, distinctly, from any *use of the public. Plimpton* v. *Converse*, 44 Vt. 158.

*Harry Blodgett*, for the defendant.

When the use, of what is claimed, has been adverse, under a claim of right, continuous, uninterrupted and exclusive, with a knowledge and acquiescence of the owner of the estate, and has been so, for fifteen years, such use would produce an absolute right. *Plimpton* v. *Converse*, 44 Vt 158 ; 42 Vt. 712 ; *Tracy* v. *Atherton*, 36 Vt. 503 ; *Townshend* v. *Downer*, 32 Vt. 204 ; 17 Wend. 564 ; 9 Pick. 251 ; 13 Pick. 240 ; 8 Barb. 153 ; 29 Vt. 43 ; 36 E. C. L. 634 ; 1 Allen, 248 ; 11 E. C. L. 57 ; 13 Gray, 188. If there has been a use for fifteen years unexplained, the

presumption is that it was under a claim of right, sufficient to establish a title. 44 Vt. 158; *Perrin* v. *Garfield*, 37 Vt. 304; 33 Con. 334; 8 Barb. 153; 23 Pick. 141; Washb. on Ease. 137. Declarations of party in possession, explanatory of his claim as owner are admissible. *Dodge* v. *Stacy*, 39 Vt. 558–568; Greenl. on Ev. 1, ss. 109, 189; 42 Vt. 747, 465; 44 N. H, 572.

The opinion of the court was delivered by

BARRETT, J. The defendant had given evidence tending to show that the place where he got the water out of the brook was open to the highway so that travellers were in the habit of driving into the brook there to water their horses there, and across the same *ad libitum*. Being thus open, the going there by the defendant and his father and family, with pails and barrels, to get water, would not involve any element of evidence tending to show that they were doing it in the assertion of a right, as against the plaintiff's title; but only that they were using a privilege that was permissive to every body, as much so to the defendant as to the travellers who took the water by their horses, instead of pails and barrels. It certainly was making no larger draft on plaintiff's generosity to go there with pails and barrels and get water, than to drive with horses and carriages upon the plaintiff's territory; in both cases appropriating the water of a running stream, in such small quantities as not to diminish the usefulness of the stream for any purpose of the plaintiff. Indeed, that evidence of the defendant tended to show that such getting of the water by him was without claim of right, and was in the use of permission granted by the plaintiff. The doctrine of the law as announced and applied in *Plimpton* v. *Converse*, is educed from such tendency of such evidence, and is formulated into the proposition that such use of what is thus open and used, is presumed to be so used *permissively* and not *adversely*.

Hence the plaintiff's request was in strict accordance with the law; and in the posture of the case upon the evidence, we think it was his right to have that request complied with.

That evidence having been put in by the defendant, presumably it was so in, for the purpose of having it help to maintain his *right*

by user.   With nothing said to the jury as to its character, and relation touching that right, it would be likely to be regarded by them as favoring the claim made by the defendant, of a legal *right* to get the water.   The jury should have been told that it had no tendency to show such right.

The propositions of law put to the jury were correct.   The closing sentence of the charge was correct, and was proper to be put to the jury.   But the telling of the jury, that in order to find that the defendant had acquired the right, by adverse use or prescription, they must find not only that such use was open, &c., but also that it was of such a character, under the circumstances, as fairly to give the plaintiff to understand that it was adverse to his title, or under a claim of right or ownership, " had no tendency to enlighten the jury as to what constituted *such character* of the use ;" or to give them to understand that such an open and public use of the brook gave rise to a presumption against the defendant that he must overcome by evidence, and show his actual adverse claim and use, as against such presumption.   In fact, the charge, instead of complying with the request, was a substantial denial of it ; and gave occasion for an impression upon the jury contrary to what the impression would have been if the request had been complied with.

The question of defendant's right by adverse use having been put to the jury for special finding, and having been passed upon by their verdict, the question became material, and if the verdict is allowed to stand it would be conclusive of the right between plaintiff and defendant, though it may not have been material upon the other issue, viz., whether plaintiff made the first assault.

The judgment is reversed and cause remanded.